UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA I. WHITE, | ) | Case No. 22-cv-3969 |
| Plaintiff, | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| MIDWAY MEDICAL PRODUCTS, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On July 29, 2022, defendants Exactech, Inc., Exactech U.S., and TPB, Inc., with the consent of defendant MidWay Medical Products, removed this lawsuit from the Circuit Court of Cook County, Illinois alleging that plaintiff Linda White had fraudulently joined defendant MidWay, an Illinois company, to destroy diversity of citizenship jurisdiction. Before the Court is White's motion to remand under 28 U.S.C. § 1447(c). For the following reasons, the Court grants White's motion.

**Background**

This is a product liability action arising out of the development, design, manufacture, marketing, promotion, distribution, and sale of the Optetrak knee system ("Optetrak"). White, an Illinois resident, originally filed this action on June 13, 2022 in the Circuit Court of Cook County. This lawsuit relates to White's injuries that she sustained as a result of the implantation and removal of two Optetrak knee implants manufactured by Exactech. At issue in this motion to remand is whether defendant MidWay, which marketed, promoted, distributed, and sold Optetrak knee systems, was fraudulently joined. White brings strict product liability and negligence claims against MidWay in Counts IV and V in her complaint.

**Legal Standard**

"A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763-64 (7th

Cir. 2009). The fraudulent joinder doctrine is "designed to 'strike a reasonable balance among the policies to permit plaintiffs the tactical prerogatives to select the forum and the defendants they wish to sue, but not to reward abusive pleading by plaintiffs, and to protect the defendants' statutory right to remove.'" *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (citation omitted). The doctrine permits district courts "to disregard the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Schur*, 577 F.3d at 763 (citation omitted).

To establish fraudulent joinder, the moving party "bears a heavy burden to show that, after resolving all issues of fact and law in favor of the non-moving party, the non-moving party cannot establish a cause of action" against the nondiverse defendant. *Thornton v. M7 Aerospace LP,* 796 F.3d 757, 765 (7th Cir. 2015). This "heavy burden" standard "is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur*, 577 F.3d at 764. Under this standard, "the district court must ask whether there is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant." *Id.* If a plaintiff has a reasonable possibility of success on one of her claims, the Court must count the nondiverse defendant's citizenship for jurisdictional purposes and remand to state court. *See Smith v. Phillip Morris USA Inc.*, No. 18 C 6397, 2019 WL 4750119, at *2 (N.D. Ill. Sept. 30, 2019) (Chang, J.). In determining whether a defendant has been fraudulently joined, the Court may consider evidence outside of the pleadings, but the Court cannot "pre-try" the case. *See Schur,* 577 F.3d at 768; *In re Abbott Labs.*, MDL No. 3026, 2022 WL 3586150, at *11 (N.D. Ill. Aug. 22, 2022) (Pallmeyer, J.).

**Discussion**

The Court turns to White's negligence claim against MidWay because it is dispositive. "A product liability action asserting a claim based on negligence, such as negligent design, is based upon fundamental concepts of common law negligence." *Jablonski v. Ford Motor Co.*, 955 N.E.2d 1138, 1153, 353 Ill.Dec. 327, 342, 2011 IL 110096, ¶ 82 (Ill. 2011). "As in any negligence action, a plaintiff must

2

establish the existence of a duty, a breach of that duty, an injury that was proximately caused by that breach, and damages." *Id.*, 955 N.E.2d at 1153-54. In this context, to establish that a defendant owes a legal duty of care, the plaintiff must show "that the defendant knew, or in the exercise of ordinary care should have known, of that unsafe condition" of the product. *Robey v. Enterprise Leasing Co. of Chicago*, 935 N.E.2d 1084, 1093, 343 Ill.Dec. 856, 865, 404 Ill.App.3d 420, 430 (1st Dist. 2010).

Here, defendants argue White cannot establish that MidWay, which marketed, promoted, distributed, and sold Optetrak knee systems, owed White any legal duty. More specifically, they assert White has not shown MidWay knew or should have known after the exercise of ordinary care that the Optetrak knee implants were defective and unsafe. To support this argument, defendants present the declaration of MidWay's Chief Financial Officer, David Ozzello II, who avers MidWay is an independent sales agent and sells medical devices manufactured by other companies, including Exactech. According to Ozzello, at the time of White's operation in July 2015, MidWay lacked any actual knowledge that the Optetrak devices were experiencing premature wear and could not have reasonably discovered such a pattern because MidWay lacked access to the data or analytical expertise to do so. Similarly, he states MidWay lacked knowledge and could not have discovered that the Optetrak polyethylene inserts were improperly packaged or that Exactech's surgical protocol for the Optetrak systems was inadequate.

As mentioned, the Court may consider evidence outside of the pleadings when determining fraudulent joinder, although the Court cannot pre-try the case. This means the Court should disregard declarations that simply deny a plaintiff's allegations or address the merits of the case. *See Dillon v. Naman, Howell, Smith & Lee, PLLC*, No. 18 C 0470, 2018 WL 2933602, at *4 (N.D. Ill. June 12, 2018) (Tharp, J.). In tort cases, however, several judges in this district have concluded that whether a nondiverse defendant owed a legal duty of care to a plaintiff is a jurisdictional fact that can be established by an uncontradicted sworn statement. *See Elrod v. Bayer Corp.*, No. 19 C 6048, 2020 WL 4284416, at *2 (N.D. Ill. July 27, 2020) (Rowland, J.). That may be so, but after examining Ozzello's

declaration, he has not sufficiently averred that MidWay could not have reasonably discovered the Optetrak system's alleged defects after exercising ordinary care.

To clarify, Ozzello's statements fail to acknowledge MidWay's tracking obligations as a distributor of a medical device under the Federal Drug Administration's ("FDA") Code of Federal Regulations. For example, 21 C.F.R. § 803.1 states "[i]f you are a medical device distributor, you must maintain records (files) of incidents." Under 21 C.F.R. § 803.18, the distributor of a medical device must "establish and maintain device complaint records (files)" that "contain any incident information, including any written, electronic, or oral communication, either received or generated by you, that alleges deficiencies related to the identity (e.g., labeling), quality, durability, reliability, safety, effectiveness, or performance of a device." Ozzello's declaration does not speak to how MidWay's required tracking of the Optetrak system revealed that there was no indication of the system's deficiencies nor does MidWay explain how the data that it gathered as a result of its federally mandated tracking obligations supports the averment that MidWay could not have discovered any defects after exercising ordinary care. As such, Ozzello's declaration fails to establish that MidWay did not owe a legal duty of care to White.

Meanwhile, White has sufficiently alleged her negligence claim against MidWay. To start, despite defendants' argument that the Court must apply Illinois' pleading standards, "[t]he Seventh Circuit has not expressly stated whether a federal or state pleading standard applies when evaluating claims based on fraudulent joinder." *Custom Classic Automobiles & Collision Repair, Inc. v. Axalta Coating Sys., LLC*, No. 20 C 5079, 2020 WL 7319569, at *4 n.8 (N.D. Ill. Dec. 11, 2020) (Shah, J.). What the Seventh Circuit has suggested is that the fraudulent joinder standard is "even more favorable than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *See Schur*, 577 F.3d at 764.

Turning to White's complaint, she has plausibly alleged MidWay owed her a duty to use reasonable care in distributing, marketing, promoting, and selling the Optetrak system, to speak

4

truthfully about the system, and to correct any false impressions that a surgeon may have about the system. In breach of its duties, White asserts MidWay failed to appropriately inform surgeons about the dangers associated with the Optetrak system, withheld information from surgeons about its safety, and/or misrepresented material facts about the dangers associated with the Optetrak system. White further alleges she was injured as a direct and proximate result of MidWay's negligence. Keeping in mind that the fraudulent joinder standard is even more favorable than the Rule 12(b)(6) standard, White has a reasonable possibility of success on her negligence claim. *See Andersen v. Phillip Morris USA Inc.*, No. 19 C 5812, 2020 WL 433867, at *3 (N.D. Ill. Jan. 28, 2020) (Lee, J.)

Because White has a reasonable possibility of success on her negligence claim, the Court counts MidWay's citizenship of Illinois for subject matter jurisdictional purposes. The Court therefore grants White's motion and remands this action to state court based on the lack of diversity jurisdiction.

**Conclusion**

For these reasons, the Court grants plaintiff's motion to remand [21]. The Court strikes all other pending motions as moot. Civil case terminated.

**IT IS SO ORDERED.**

Date: 9/9/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5